KONRAD FURUBOTN, Respondent, *v.* TANK SHIP BUILDING
CORPORATION, Appellant.

First Department, January 14, 1921.

Principal and agent — action for commission on contracts for construction of oil tankers — verdict in favor of plaintiff contrary to evidence.

In an action to recover commissions which the plaintiff alleged the defendant agreed to pay on orders procured by the defendant from a third person for the construction of oil tankers, the evidence examined, and *held*, that the contracts in question were not obtained through the plaintiff's efforts nor were they obtained from the said third person and that the verdict in favor of the plaintiff was contrary to the evidence.

APPEAL by the defendant, Tank Ship Building Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 8th day of April, 1920, upon the verdict of a jury, and also from an order entered in said clerk's office on the 1st day of May, 1920, denying defendant's motion for a new trial made upon the minutes.

*Joseph G. Deane* of counsel [*Philip A. Walter* with him on the brief; *Deane & Cook*, attorneys], for the appellant.

*John W. Crandall* of counsel [*H. Victor Crawford II* with him on the brief; *Hunt, Hill & Betts*, attorneys], for the respondent.

PAGE, J.:

The cause of action alleged in the complaint is as follows: That on or about the 15th day of March, 1918, in the city of New York an agreement was entered into between the plaintiff and the defendant wherein and whereby the plaintiff agreed to use his best efforts to obtain orders from one Christoffer Hannevig, a banker, for his own account or for the account of others for the building of " tankers " by the defendant, and the defendant promised and agreed to pay to the plaintiff as commission three dollars per dead weight ton on each and every tanker so built under contracts and orders obtained through the efforts and procurement of the plaintiff; upon information and belief that pursuant to the terms of said agreement the plaintiff procured orders from said Hannevig for his own account or for the account of others for two tankers each of 1,750 tons dead weight, to be built by the defendant; that defendant built the said two tankers under contracts and orders procured by the plaintiff as aforesaid; that the orders for the building of said two tankers were brought about and obtained by the plaintiff; and that by reason thereof plaintiff has earned commissions payable by the defendant in the amount of at least $10,500.

The plaintiff testified that about the middle of March, 1918, Mr. deGanahl, the president of the defendant, requested plaintiff to introduce him to Hannevig, who was a banker engaged particularly in financing ship deals and buying and selling ships; that plaintiff arranged a meeting between

deGanahl and Hannevig, and deGanahl discussed with Hannevig the obtaining of orders for large tankers or the financing of the defendant in building tankers of 10,000 tons if the defendant should obtain such orders from the Shipping Board, and that subsequently deGanahl told plaintiff that he would conduct the further negotiations with Hannevig and would pay the plaintiff three dollars per dead weight ton on each and every tanker procured from Hannevig.

Mr. McConnell, naval architect and engineer, who was the vice-president and general manager of the defendant in 1917 and 1918, testified that he was employed by Mr. Hannevig in 1917 to design certain schooners that Hannevig was to have built in Newfoundland, and that during the various meetings that McConnell had with Hannevig he asked Hannevig if he could not give some business to the defendant; and in January, 1918, Hannevig told McConnell that he had received inquiries from the Vacuum Oil Company for a small tanker of 1,750 tons dead weight capacity and asked McConnell whether he would like to build it. Upon receiving an affirmative answer Hannevig sent for the representative of the Vacuum Oil Company and it was agreed that Hannevig would take the contract and turn the building of the ship over to the defendant. Thereupon on January 31, 1918, a contract was made between Hannevig and the defendant for the building of that tanker. While that was being built Hannevig received an inquiry for another tanker of the same size and spoke to McConnell about building this ship, and as a result of their conversations a contract was entered into on the 21st day of March, 1918, for the building of this tanker.

It is not claimed by plaintiff that there were any other contracts for the building of tankers obtained from Hannevig by the defendant, and this action was brought to recover a commission on these two small tankers. The plaintiff called Hannevig as a witness who testified that these two tankers were procured by McConnell and that the discussion that Hannevig had had with deGanahl was all with reference to procuring orders for 10,000 ton tankers and financing the defendant in building such tankers. Mr. deGanahl was president of the Southern Oil and Transport Corporation which

owned all the stock of the defendant, a corporation organized for the purpose of building tank barges for the Southern Oil and Transport Corporation. He testified that he wanted to secure large tankers to transport oil from their oil fields at Tampico, Mexico, to the United States, and it was the financing of this proposition especially that he discussed with Hannevig.

There is no claim made on behalf of the plaintiff that anything resulted from his introducing deGanahl to Hannevig except the claim which he made in June, 1919, when he discovered that the defendant was building these two tankers. When the contracts were produced, and it appeared that the first contract was made in January, 1918, a month and a half before the plaintiff had testified that he had introduced deGanahl to Hannevig, the plaintiff then professed to be uncertain as to the time and attempted to trace his conversation back to January 15, 1918. The court withdrew from the consideration of the jury the claim for commission on the contract for the first tanker, but submitted to the jury the question whether the plaintiff was the procuring cause of the second contract. The verdict in favor of the plaintiff was not merely against the weight of evidence, but absolutely contrary to the evidence. It was proved by Hannevig and McConnell, both of whom were disinterested witnesses, that these two contracts were negotiated by and with McConnell. Plaintiff could not have been the procuring cause and he completely failed to prove that these tankers were built under contracts and orders obtained through his efforts and procurement, or that the contracts were procured by the plaintiff or that the order for the building of said two tankers was brought about and obtained by the plaintiff, as was alleged in the complaint. The defendant's motion to dismiss the complaint should have been granted at the conclusion of the plaintiff's case.

The judgment and order should be reversed, with costs to the appellant, and the complaint dismissed, with costs to the defendant.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.